NO.  07-09-0273-CR

                                                             

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
B

 

                                                           SEPTEMBER
7, 2010

                                            ______________________________

 

                                                            JASMIN DELIJEVIC, 

 

                                                                                                            Appellant

 

                                                                             v.

 

                                                        THE STATE OF TEXAS, 

 

                                                                                                            Appellee

                                           _______________________________

 

                     FROM THE 181ST DISTRICT
COURT OF RANDALL COUNTY;

 

                                NO.  19034-B; HON. JOHN B. BOARD, PRESIDING

                                           _______________________________

 

            Opinion

_______________________________

 

Before QUINN, C.J., and CAMPBELL and
HANCOCK, JJ.

            Jasmin Delijevic (appellant) appeals
his conviction for possessing a controlled substance and contends that the
trial court erred in failing to 1) grant his motion to suppress evidence, 2)
allow him an opportunity to examine a computer within the State’s possession,
and 3) instruct the jury regarding the purportedly unlawful stop and the
admissibility of the evidence obtained as a result of that stop.  We affirm.

 

Background

            Officer Elizabeth Allen with the
Amarillo Police Department testified that she stopped the car in which appellant
rode due to “[a]n improper left turn, . . . and also
an expired registration.”  After
approaching the vehicle, she received identification from both the driver and appellant.  Furthermore, appellant requested leave to go
to the bathroom.  That leave was
temporarily denied him so that she could first determine if there were any
outstanding warrants encompassing either individual.  And, as she was returning to her squad car, the
officer saw appellant “reaching down into the floorboard area and looking back
over his shoulder displaying some furtive movement.”  It appeared to her that appellant was trying
to secrete or retrieve something, and she grew concerned for her safety.  

            Though no outstanding warrants were
discovered, the officer solicited backup because she intended to arrest the
driver.  Apparently, he had committed a
plethora of traffic violations, which included his operation of the vehicle
without insurance.  The backup arrived.  At that point, Officer Allen asked appellant
to step out of the vehicle and for consent to search his person.  Appellant acceded to both requests.  It was during that search that
methamphetamine was discovered on appellant’s person.    

Issue One – Suppression of Evidence

            Appellant contends that he was
denied due process and a fair trial when the trial court failed to grant his
motion to suppress evidence.  Suppression
was allegedly required because there was no basis justifying either the initial
stop of the car or ensuing search of appellant. 
 We overrule the issue.

            As described above under “Background,”
the record contains evidence from which reasonable minds could have concluded
that the vehicle’s driver committed various traffic violations in the presence
of the officer.  Furthermore, an officer
may legitimately stop those committing traffic violations.  State v. Patterson, 291 S.W.3d 121, 123 (Tex. App.–Amarillo 2009, no pet.).  So too could reasonable minds have deduced,
from the evidence of record, that the eventual search of appellant was
consensual.  Given this, we cannot say
that the decision to deny the motion to suppress fell outside the zone of reasonable
disagreement and evinced an instance of abused discretion.   Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997) (discussing the
pertinent standard of review and our need to defer to the trial court’s
interpretation of evidence and resolution of historical fact).

Issue Two – Computer Examination

            In his second issue, appellant
contends that the trial court erred by refusing to abide by art. 39.14(a) of
the Texas Code of Criminal Procedure and allow him “to examine a computer in
the possession of the State that may have produced exculpatory evidence of the
actual events occurring during the stop in which evidence was seized, and of
evidence tampering by the State.”  That
is, the trial court allegedly erred in prohibiting him from inspecting a computer
hard drive to determine if a video of the entire stop could be located on
it.  We overrule the issue for several
reasons.

            First, appellant failed to inform us
of where in the record the trial court denied his request to examine the
computer.  Instead, he directs us to a
passage in the record wherein the court refused to pay $3,300 to a supposed
expert in California to inspect the machine and determine whether more data
than what he already had appeared in it. 
This is problematic because saying that the computer cannot be inspected
is one thing.  Saying that the court will
not approve the expenditure of a large sum of money to a particular person to
conduct an inspection is something else. 
And, while the latter may have happened, we cannot find anything of
record illustrating that the former occurred as well.  Simply put, we cannot find where the trial
court did that of which appellant now complains.   Tex. R. App. P. 33.1(2)(A) (holding that before an objection is preserved for
review, the trial court must rule on it).   


            Nor do we read appellant’s complaint
as attacking the trial court’s refusal to approve the expenditure of $3,300.  Indeed, whether that sum was reasonable goes
unaddressed by appellant.  Nor does he seem
to contend that but for the expenditure of $3,300, the computer could not be
inspected.  So, the validity of the
ruling actually made by the court is not attacked.    

            And, finally, we find the wording of
art. 39.14(a) would seem to prevent us from finding merit in appellant’s
contention.  That provision allows for
the inspection of items “which constitute or contain evidence material to any matter involved in the action and
which are in the possession, custody or
control of the State . . . .”  Tex. Code Crim. Proc. Ann. art. 39.14(a) (Vernon Supp.
2009) (emphasis added).  When deciding
whether to grant appellant’s discovery request, the trial court heard evidence explaining
why a video memorializing the entire stop was and could not be produced.  This led the trial judge to comment that the
evidence “helps me understand that I don’t believe this outfit in California .
. . would be able to get any information other than what they’ve already been
provided.”  One can reasonably interpret
this utterance as the court opining that the computer did not contain the
additional evidence sought by appellant. 
And, if it did not contain material evidence, its inspection was not
mandated by art. 39.14(a).  Moreover,
appellant cites us to nothing of record suggesting that the trial court was mistaken
in so concluding.  Given this, we cannot
say that any purported decision to withhold inspection of the computer
constituted an abuse of discretion.

Issue
Three – Jury Instruction

            In his final issue, appellant
contends the trial court erred in failing to provide the jurors instructions
conforming to articles 38.22 and 38.23 of the Code of Criminal Procedure.  Both articles touch upon the admissibility of
inculpatory statements made by the accused and/or evidence obtained through the
detention or search of the accused.  We
overrule the issue.

            Despite proffering statements of law
and excerpts from the Code of Criminal Procedure, appellant makes no effort to
analyze how those things applied to the circumstances before us.  Nor does he identify for us the written or
oral statement upon which he founds his art. 38.22 complaint.  Similarly missing is any discussion about the
presence of a custodial interrogation, which that same article mandates.  Herrera
v. State, 241 S.W.3d 520, 526 (Tex. Crim. App. 2007) (holding that article
38.22 applies only to statements garnered through custodial interrogation).  

            Also apparent is appellant’s failure
to specify any evidentiary conflict regarding the manner and means utilized by
the officers in obtaining the evidence of his guilt.  Such a conflict is a prerequisite to the
application of art. 38.23. 
Oursbourn v. State, 259 S.W.3d 159, 177 (Tex.
Crim. App. 2008) (stating that art. 38.23 applies when there exists material
questions of fact regarding whether the evidence was obtained lawfully).  Instead, appellant simply concludes that the trial
court erred in failing to submit particular instructions.  Such a conclusion is not enough to comply
with the briefing requirements of Rule 38.1(i) of the
Texas Rules of Appellate Procedure or to preserve the complaint.  See
Cardenas v. State, 30 S.W.3d 384, 393 (Tex. Crim. App. 2000) (holding that
the failure to cite to authority and present argument constitutes inadequate
briefing).

            The judgment of the trial court is
affirmed.

 

                                                                                    Brian
Quinn

                                                                                    Chief
Justice

 

Publish.