**AFFIRM; and Opinion Filed November 13, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01005-CR

### BOBBIE RICHELLE SMITH, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-82645-2012**

## MEMORANDUM OPINION
Before Justices O'Neill, Lang-Miers, and Brown
Opinion by Justice Brown

After the trial court denied her motion to suppress, appellant Bobbie Richelle Smith pleaded guilty to the offense of possession of methamphetamine with intent to deliver pursuant to a plea agreement. The trial court assessed punishment at five years' confinement in accordance with the agreement. In a single issue on appeal, appellant contends the trial court erred in denying her motion to suppress. For reasons that follow, we affirm.

Appellant was indicted for possession of methamphetamine with intent to deliver and later moved to suppress all evidence related to her arrest. At the hearing on the motion to suppress, Wylie Police Officer Rick Heckel[1] testified that at about 11:30 p.m. on June 23, 2012, he was responding to a call about a noise complaint. As he was travelling south on East FM 544,

---

[1] The officer's name is spelled two ways in the reporter's record: Heckel and Heckle. When asked to spell his last name, the officer spelled it Heckel.

he saw a woman walking on the roadway.  The officer passed her and continued to the call.  He realized the location was outside his jurisdiction and returned to FM 544 to try to locate the woman.  When he saw her again, she was walking in the grass alongside the roadway.  He later testified that she was about six feet from the road.

Officer Heckel described the road as "a two-lane road, unprotected, very little shoulder, very few street lights."  By unprotected, Heckel meant there was no median in the middle.  He also testified there was no sidewalk.  In his experience, it was not safe for someone to be walking down that road at night.  The officer testified that if there is no sidewalk provided, a pedestrian is required by law to walk on the left side of the road or on the shoulder of the highway that was facing oncoming traffic.  Heckel testified appellant was not walking on the left side of the road nor was she walking on the shoulder facing oncoming traffic.  It was possible for her to walk on the left side of the road.  According to Heckel, appellant was committing a traffic violation, and he had reasonable suspicion to stop her.

Officer Heckel pulled over without activating his overhead lights, and appellant stopped.  The officer asked appellant what she was doing, and she responded that she was walking to her friend's house.  The officer informed her that she was walking on the wrong side of the street and that she should be walking against the traffic.  He asked where she was coming from, and appellant responded that she had been at her boyfriend's house.  Officer Heckel asked for appellant's name and date of birth.  He also asked appellant if she had ever been arrested before.  She replied that she had been arrested for drugs and told him she used to use methamphetamine.  The officer ran the information appellant gave him through the computer in his patrol vehicle and did not find identification for her, stating he got "zero returns."  He then sent a message to dispatch to run her information "blind."

When Officer Heckel got out of his car after using the computer, he asked appellant if she had a driver's license. Appellant said she did not have a Texas driver's license, but that she had one in Florida. Appellant said she had been arrested in Collin County and Parker County for methamphetamine, most recently in Collin County the previous month. Officer Heckel testified that appellant seemed very nervous and was shaking. He was not sure she was giving him the right information and found it suspicious that someone appellant's age had no driver's license or other kind of identification. The officer continued speaking with her because he was unable to confirm her identification and was waiting to hear back from dispatch. He testified that officer safety was a concern when unable to identify someone by driver's license. Officer Heckel was concerned because appellant told him she had a criminal history, but none of that came up when he ran her name. It meant that appellant had potentially given him a different name.

Officer Heckel suspected appellant had narcotics in her purse and asked to search it.[2] Appellant consented to a search of her purse. The officer found about seven small ziplock bags containing what he believed to be methamphetamine and arrested appellant.

Officer Heckel's in-car camera recorded his stop of appellant. A DVD of the stop was played for the court. The DVD reflects that about ten minutes elapsed from the time the officer pulled his car over to stop appellant to the time he asked for consent to search her purse. The officer testified there was nothing unreasonable about the length of time of the interaction.

Defense counsel argued that the motion to suppress should be granted because appellant was not violating any law when the officer stopped her. Counsel further asserted that the officer lacked justification for continuing to detain appellant after the initial stop. The trial court denied the motion, and this appeal followed.

_____

[2] In addition to appellant's admission of prior drug arrests and use and to her nervous behavior, Officer Heckel testified that he knew the friend whose house appellant was on her way to from several previous run-ins and that he was a known methamphetamine abuser. Officer Heckel also knew appellant's boyfriend and had previous run-ins with him involving methamphetamine.

In her sole issue, appellant contends the trial court erred in denying her motion to suppress. We review a trial court's ruling on a motion to suppress under a bifurcated standard. We give almost total deference to the trial court's determination of the historical facts and we review de novo the court's application of the law to the facts. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). Under this standard, the trial court is the sole judge of the credibility of the witnesses and their testimony. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002).

The Fourth Amendment permits a warrantless detention of a person, short of a full-blown custodial arrest, if the detention is justified by reasonable suspicion. *State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013) (citing *Terry v. Ohio*, 392 U.S. 1, 28 (1968)). Under *Terry*, there is a two-pronged test for determining the reasonableness of an investigative detention. *Davis v. State*, 947 S.W.2d 240, 242 (Tex. Crim. App. 1997). We must first decide whether the officer's initial detention was justified at its inception. *Kothe v. State*, 152 S.W.3d 54, 63 (Tex. Crim. App. 2004). The second prong of *Terry* deals with the scope of the detention. An investigative detention must be strictly circumscribed by the exigencies which justify its initiation. *Davis*, 947 S.W.2d at 243. This limitation means that once the reason for the stop has been satisfied, the stop may not be used as a "fishing expedition for unrelated criminal activity." *Id.* (quoting *Ohio v. Robinette*, 519 U.S. 33, 41 (1996) (Ginsberg, J., concurring). In a routine traffic stop, police officers may request certain information from the detainee, such as a driver's license, and may conduct a computer check on the information. The traffic investigation is not fully resolved until this computer check is completed, and the officer knows the person has a valid license and no outstanding warrants. *Kothe*, 152 S.W.3d at 63–64.

It is well settled that a traffic violation committed in an officer's presence authorizes an initial stop. *Armitage v. State*, 637 S.W.2d 936, 939 (Tex. Crim. App. 1982); *see State v.*

*Patterson*, 291 S.W.3d 121, 123 (Tex. App.—Amarillo 2009, no pet.). The transportation code provides that if a sidewalk is not provided, a pedestrian walking along and on a highway shall, if possible walk on the left side of the roadway or the shoulder of the highway facing oncoming traffic. TEX. TRANSP. CODE ANN. § 552.006 (West 2011). A violation of this provision is a misdemeanor. S*ee id.* § 542.301(b).

Appellant challenges the reasonableness of her detention under both prongs of the *Terry* analysis. She first contends the State failed to prove Officer Heckel had a reasonable suspicion to detain her in the first place. She contends that when the officer saw her a second time, she was walking on a driveway or raised ditch, not on the side of the road. The officer testified on cross-examination that the road had a series of ditches or raised driveways, for drainage purposes, alongside it. Nevertheless, Officer Heckel testified that appellant was walking on the side of the roadway. There was no sidewalk, and appellant was walking with the traffic instead of against it. Officer Heckel testified that appellant was committing a traffic violation. Because the officer observed appellant committing a pedestrian traffic offense, his initial detention of her was justified. *See Patterson*, 291 S.W.3d at 123.

Appellant next argues that even if the initial stop was justified, her continued detention was not. Although appellant was not required to have a driver's license to be out walking, as part of the pedestrian traffic stop, the officer was entitled to ask appellant for identifying information and run a check on that information for outstanding warrants. Officer Heckel was unable to confirm that the information appellant gave him was accurate and asked dispatch to check her out. While he was waiting to hear back from dispatch, the officer asked if he could search appellant's purse and she agreed. Because the officer was waiting on confirmation of appellant's identity, the traffic investigation had not been fully resolved at the time he asked for

permission to search the purse. Accordingly, the scope of the detention was reasonable. We conclude the trial court did not err in denying appellant's motion to suppress.

We affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

131005F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BOBBIE RICHELLE SMITH, Appellant

No. 05-13-01005-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District Court, Collin County, Texas
Trial Court Cause No. 366-82645-2012.
Opinion delivered by Justice Brown. Justices O'Neill and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 13th day of November, 2014.