**Affirmed and Opinion filed July 9, 2019.**



In The

# Fourteenth Court of Appeals

---

NO. 14-18-00353-CR
NO. 14-18-00416-CR

---

**JOSEPH FERNANDEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1517476, 1517452**

---

## O P I N I O N

Appellant Joseph Fernandez pleaded guilty to two counts of aggravated robbery with a deadly weapon and was sentenced to 40 years' confinement. Appellant asserts on appeal that he received ineffective assistance of counsel in the underlying proceeding. For the reasons below, we affirm.

### BACKGROUND

Appellant was charged with two counts of aggravated robbery with a deadly

weapon under two separate cause numbers. The offenses arose from two incidents that occurred on July 17, 2016. The following descriptions of the incidents summarize relevant witness testimony from Appellant's punishment hearing.

Jessie Bautista and Carlos Lujan were at a gas station when Appellant approached them and asked for a ride to his mother's house. Bautista and Lujan agreed to give Appellant a ride and Appellant rode in the back seat of their car. When Bautista and Lujan reached Appellant's destination, Appellant grabbed Bautista and began stabbing him in the head with a screwdriver. Appellant then moved into the car's front seat, kicked Bautista out of the vehicle, and proceeded to drive away. Bautista, who was still connected to the vehicle by his seatbelt, was dragged for approximately half a mile before Appellant came to a stop. Appellant fled from the scene on foot.

Shortly thereafter, Appellant approached Crystal Gonzalez as she sat outside a Sonic drive-in. Appellant asked Gonzalez for her number and requested that she take a picture with him; Gonzalez refused and walked to her car. Appellant approached Gonzalez with a knife in his hand and took her purse. Appellant told Gonzalez, "Don't scream, don't do anything or I'm going to stab you. Give me your stuff." Appellant took Gonzalez's keys and drove off in her vehicle.

After his arrest, Appellant pleaded guilty to two counts of aggravated robbery with a deadly weapon. The State called the following six witnesses at Appellant's punishment hearing, all of whom opined that Appellant should receive a sentence of life imprisonment:

- Jeremy Johnson: Shot eight times by Appellant in a separate incident. Stated that Appellant should not "ever get out of prison."
- Isaiah Bautista: Jesse Bautista's son. Stated that life imprisonment would be a "fair and reasonable" sentence.

2

- Carlos Lujan: Opined that Appellant "needs to be tortured with life."

- Jesse Bautista: Testified that Appellant should receive "[l]ife in prison."

- Robin Pouland: Witnessed the incident involving Jesse Bautista. Stated that Appellant should "have everything in his life taken away."

- Crystal Gonzalez: Testified that Appellant "should receive life."

In his closing statement, the State's prosecutor also recommended the trial court sentence Appellant to life in prison. Appellant's trial counsel did not object to the witnesses' or the prosecutor's statements regarding a punishment recommendation.

The trial court sentenced Appellant to 40 years' imprisonment. Appellant timely appealed.

## ANALYSIS

Appellant asserts he received ineffective assistance of counsel because his trial counsel failed to object to the State's witnesses' and prosecutor's statements that the trial court should sentence Appellant to life imprisonment.

## I. Standard of Review

To prevail on a claim for ineffective assistance of counsel, an appellant must show that (1) trial counsel's performance fell below the objective standard of reasonableness; and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). Failure to satisfy either prong of the *Strickland* test defeats an ineffective assistance claim. *Strickland*, 466 U.S. at 697; *Nichols v. State*, 494 S.W.3d 854, 857 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd).

To satisfy the first prong, an appellant must prove by a preponderance of the evidence that trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. *Lopez*, 343 S.W.3d at

142. We consider the totality of the circumstances to determine whether counsel was ineffective. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); *Nichols*, 494 S.W.3d at 857. Trial counsel's performance is subject to a "highly deferential" review and there "is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005). Thus, any allegation of ineffective assistance must be firmly founded in the record. *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012).

Direct appeal usually is an inadequate vehicle for raising an ineffective assistance claim because the record generally is undeveloped. *Id*. at 592-93. Trial counsel ordinarily should be given an opportunity to explain his actions and, if counsel is not given that opportunity, we should not conclude that his performance was deficient unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Nava v. State*, 415 S.W.3d 289, 308 (Tex. Crim. App. 2013).

To satisfy the second *Strickland* prong, an appellant must show a reasonable probability that, but for trial counsel's deficient actions, the result of the proceeding would have been different. *Lopez*, 343 S.W.3d at 142. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*.

## II.     Application

Appellant raises through direct appeal his claim that trial counsel was ineffective for failing to object to the State's witnesses' and prosecutor's sentencing recommendations. The record does not support the conclusion that these failures to object fell below an objective standard of reasonableness.

In general, a witness may not recommend a particular punishment to the trier

of fact. *See Sattiewhite v. State*, 786 S.W.2d 271, 290 (Tex. Crim. App. 1989); *Johnson v. State*, 987 S.W.2d 79, 87 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd). But opinion testimony on this point may be permitted as part of a broader strategy. *See, e.g., Martin v. State*, No. 01-03-00524-CR, 2004 WL 1585282, at *3 (Tex. App.—Houston [1st Dist.] July 15, 2004, no pet.) (mem. op., not designated for publication); *Dominguez v. State*, No. 13-98-405-CR, 1999 WL 33757665, at *4 (Tex. App.—Corpus Christi Aug. 12, 1999, no pet.) (not designated for publication).

Here, after the State's witnesses opined regarding an appropriate sentence, Appellant's trial counsel also elicited from Appellant testimony regarding an appropriate punishment. Acknowledging that his actions were "horrible," Appellant said he thought he "should be in prison . . . for the rest of [his] life." Similarly, when trial counsel asked Appellant if the court "would be justified putting [him] in prison for the rest of his life," Appellant responded: "I do. I do think that's the — that's only right. That's only right." Thus, instead of objecting to the State's questions and the witnesses' answers regarding punishment, trial counsel capitalized on this testimony for the defense's use during Appellant's direct examination, perhaps as part of a broader strategy to show Appellant as contrite and sympathetic with the victims of his crimes. On these facts, we conclude that trial counsel's decision not to object to the punishment recommendations was not so deficient or lacking in tactical or strategical decision-making as to overcome the presumption that counsel's performance was reasonable and professional. *See Martin*, 2004 WL 1585282, at *3; *Dominguez*, 1999 WL 33757665, at *4.

We reject Appellant's ineffective assistance claim.

5

## CONCLUSION

We overrule Appellant's issue on appeal and affirm the trial court's judgment.

/s/    Meagan Hassan
       Justice

Panel consists of Justices Christopher, Hassan, and Poissant.
Publish — Tex. R. App. P. 47.2(b).