NO.  07-09-0273-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 7, 2010
_____

JASMIN DELIJEVIC,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO.  19034-B; HON. JOHN B. BOARD, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Jasmin Delijevic (appellant) appeals his conviction for possessing a controlled substance and contends that the trial court erred in failing to 1) grant his motion to suppress evidence, 2) allow him an opportunity to examine a computer within the State's possession, and 3) instruct the jury regarding the purportedly unlawful stop and the admissibility of the evidence obtained as a result of that stop.  We affirm.

## Background

Officer Elizabeth Allen with the Amarillo Police Department testified that she stopped the car in which appellant rode due to "[a]n improper left turn, . . . and also an expired registration." After approaching the vehicle, she received identification from both the driver and appellant. Furthermore, appellant requested leave to go to the bathroom. That leave was temporarily denied him so that she could first determine if there were any outstanding warrants encompassing either individual. And, as she was returning to her squad car, the officer saw appellant "reaching down into the floorboard area and looking back over his shoulder displaying some furtive movement." It appeared to her that appellant was trying to secrete or retrieve something, and she grew concerned for her safety.

Though no outstanding warrants were discovered, the officer solicited backup because she intended to arrest the driver. Apparently, he had committed a plethora of traffic violations, which included his operation of the vehicle without insurance. The backup arrived. At that point, Officer Allen asked appellant to step out of the vehicle and for consent to search his person. Appellant acceded to both requests. It was during that search that methamphetamine was discovered on appellant's person.

## Issue One – Suppression of Evidence

Appellant contends that he was denied due process and a fair trial when the trial court failed to grant his motion to suppress evidence. Suppression was allegedly required because there was no basis justifying either the initial stop of the car or ensuing search of appellant. We overrule the issue.

2

As described above under "Background," the record contains evidence from which reasonable minds could have concluded that the vehicle's driver committed various traffic violations in the presence of the officer. Furthermore, an officer may legitimately stop those committing traffic violations. *State v. Patterson*, 291 S.W.3d 121, 123 (Tex. App.–Amarillo 2009, no pet.). So too could reasonable minds have deduced, from the evidence of record, that the eventual search of appellant was consensual. Given this, we cannot say that the decision to deny the motion to suppress fell outside the zone of reasonable disagreement and evinced an instance of abused discretion. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997) (discussing the pertinent standard of review and our need to defer to the trial court's interpretation of evidence and resolution of historical fact).

### *Issue Two – Computer Examination*

In his second issue, appellant contends that the trial court erred by refusing to abide by art. 39.14(a) of the Texas Code of Criminal Procedure and allow him "to examine a computer in the possession of the State that may have produced exculpatory evidence of the actual events occurring during the stop in which evidence was seized, and of evidence tampering by the State." That is, the trial court allegedly erred in prohibiting him from inspecting a computer hard drive to determine if a video of the entire stop could be located on it. We overrule the issue for several reasons.

First, appellant failed to inform us of where in the record the trial court denied his request to examine the computer. Instead, he directs us to a passage in the record wherein the court refused to pay $3,300 to a supposed expert in California to inspect the machine and determine whether more data than what he already had appeared in it.

3

This is problematic because saying that the computer cannot be inspected is one thing. Saying that the court will not approve the expenditure of a large sum of money to a particular person to conduct an inspection is something else. And, while the latter may have happened, we cannot find anything of record illustrating that the former occurred as well. Simply put, we cannot find where the trial court did that of which appellant now complains. TEX. R. APP. P. 33.1(2)(A) (holding that before an objection is preserved for review, the trial court must rule on it).

Nor do we read appellant's complaint as attacking the trial court's refusal to approve the expenditure of $3,300. Indeed, whether that sum was reasonable goes unaddressed by appellant. Nor does he seem to contend that but for the expenditure of $3,300, the computer could not be inspected. So, the validity of the ruling actually made by the court is not attacked.

And, finally, we find the wording of art. 39.14(a) would seem to prevent us from finding merit in appellant's contention. That provision allows for the inspection of items "which constitute or *contain* evidence material to any matter involved in the action and which *are in the possession, custody or control* of the State . . . ." TEX. CODE CRIM. PROC. ANN. art. 39.14(a) (Vernon Supp. 2009) (emphasis added). When deciding whether to grant appellant's discovery request, the trial court heard evidence explaining why a video memorializing the entire stop was and could not be produced. This led the trial judge to comment that the evidence "helps me understand that I don't believe this outfit in California . . . would be able to get any information other than what they've already been provided." One can reasonably interpret this utterance as the court opining that the computer did not contain the additional evidence sought by appellant.

4

And, if it did not contain material evidence, its inspection was not mandated by art. 39.14(a). Moreover, appellant cites us to nothing of record suggesting that the trial court was mistaken in so concluding. Given this, we cannot say that any purported decision to withhold inspection of the computer constituted an abuse of discretion.

### *Issue Three – Jury Instruction*

In his final issue, appellant contends the trial court erred in failing to provide the jurors instructions conforming to articles 38.22 and 38.23 of the Code of Criminal Procedure. Both articles touch upon the admissibility of inculpatory statements made by the accused and/or evidence obtained through the detention or search of the accused. We overrule the issue.

Despite proffering statements of law and excerpts from the Code of Criminal Procedure, appellant makes no effort to analyze how those things applied to the circumstances before us. Nor does he identify for us the written or oral statement upon which he founds his art. 38.22 complaint. Similarly missing is any discussion about the presence of a custodial interrogation, which that same article mandates. *Herrera v. State,* 241 S.W.3d 520, 526 (Tex. Crim. App. 2007) (holding that article 38.22 applies only to statements garnered through custodial interrogation).

Also apparent is appellant's failure to specify any evidentiary conflict regarding the manner and means utilized by the officers in obtaining the evidence of his guilt. Such a conflict is a prerequisite to the application of art. 38.23. *Oursbourn v. State,* 259 S.W.3d 159, 177 (Tex. Crim. App. 2008) (stating that art. 38.23 applies when there exists material questions of fact regarding whether the evidence was obtained lawfully). Instead, appellant simply concludes that the trial court erred in failing to submit

5

particular instructions. Such a conclusion is not enough to comply with the briefing requirements of Rule 38.1(i) of the Texas Rules of Appellate Procedure or to preserve the complaint. *See Cardenas v. State*, 30 S.W.3d 384, 393 (Tex. Crim. App. 2000) (holding that the failure to cite to authority and present argument constitutes inadequate briefing).

The judgment of the trial court is affirmed.


Brian Quinn
Chief Justice

Publish.