NO. 07-10-0418-CR
NO. 07-10-0419-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 25, 2012
_____

BRYANT KESSLER JONES,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY;

NOS. 1207009R and 1208348R; HONORABLE WAYNE F. SALVANT, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Bryant Kessler Jones was convicted of two counts of engaging in organized criminal activity as well as murder. In challenging them, he contends that the trial court erred in 1) admitting two photographs of the car in which the victim was killed, 2) admitting photographs of appellant and other purported members of his gang taken one or more years prior to the commission of these offenses, and 3) failing to include an instruction in the jury charge on deadly conduct. We affirm the judgments.

*Background*

On March 22, 2009, Telefario Mitchell and Julian Campbell attended a party and, after leaving, followed a young female friend to a gas station. While there, two males exited from the female's car and went to talk with individuals in a third vehicle. As they did, a vehicle carrying appellant and other members of a gang known as BHD appeared. A fight then ensued, and the two young men who had been in the woman's car jumped into Campbell's. Campbell then drove away, but as he stopped for a red light, the vehicle carrying appellant and his fellow gang members pulled up next to it. Appellant fired seven shots into Campbell's car, killing Mitchell and injuring another passenger.

*Issue 1 – Admission of Exhibits 14 and 15*

We first address the complaint regarding the trial court's decision to admit two photos of the inside of Campbell's vehicle and overrule the issue.

Appellant posits that the evidence was inadmissible because its probative value was outweighed by it prejudicial effect. However, he supported the contention by simply quoting the objections made at trial and the response thereto, stating that the trial court "reached the improper decision," and citing one case. Yet, no explanation supporting the contention was provided us. Nor does he make any effort to address the factors used in assessing objections like those at bar. *See Shuffield v. State,* 189 S.W.3d 782, 787 (Tex. Crim. App. 2006) (stating that when determining whether the probative value of pictures is substantially outweighed by their undue prejudice, one must examine their probative value, the ability of the photographs to impress the jury in some irrational yet indelible way, the time needed to develop the evidence, and the proponent's need for

the evidence). So, what we have before us is not the stuff of acceptable briefing, which results in the waiver of the issue. *Delijevic v. State,* 323 S.W.3d 606, 609 (Tex. App.–Amarillo 2010, no pet.) (stating that a conclusion that the trial court erred is not sufficient to comply with the briefing requirements).

Despite the absence of adequate briefing, we nonetheless reviewed the decision and determined that the trial court did not abuse its discretion. The pictures illustrated the scene of the murder, were not particularly gruesome, and consumed little time in their admission.

*Issue 2 – Admission of Exhibits 76, 77, 78 and 79*

Appellant next complains of the admission into evidence of four photographs taken a year or more earlier and showing him with fellow gang members. We overrule the issue.

Appellant's argument consisted of stating that the "evidence that Appellant was in a gang over a year prior to the offense, was not relevant, and therefore should have been ruled inadmissible." Why? We are not told. Thus, this issue is also inadequately briefed and, therefore, waived.

Yet, we can see one simple reason justifying the trial court's decision to admit the photos. They depicted his involvement in a gang, and the offenses with which he was charged required proof that he acted with the intent to establish, maintain, or participate as a member of a criminal street gang in committing murder and aggravated assault. TEX. PENAL CODE ANN. §71.02(a)(1) (West Supp. 2011). So, showing that he was a member of the gang involved in the incident was indeed relevant.[1]

---

[1]One of the photographs depicted the name and initials of the gang while the men in the pictures were making what some likened to gang signs with their hands.

3

*Jury Instruction on Deadly Conduct*

Finally, appellant contends he was entitled to a jury instruction on deadly conduct as a lesser-included offense. We overrule this issue as well.

Though appellant argues that he was entitled to the issue because some evidence purported to show that he "recklessly discharged a firearm in the direction of the victim," he fails to cite us to where in the record it appears. Nor did our own review of the record uncover it. Instead, we found evidence showing that 1) a rival gang member who had just been at a location where there was a fight with the BHD gang was in the vehicle into which shots were fired, 2) before the shooting, the car window next to where appellant was sitting was rolled down, 3) before the shooting, appellant remarked: "There go them fools" and "Pull up on them" and ". . . we's about to air them out," and 4) after the shooting, appellant remarked: "Dang got them fools" and "I think I got me one". One cannot reasonably interpret such information as suggesting that appellant recklessly fired the weapon. *See* TEX. PENAL CODE ANN. §22.05(a) & (b) (West 2011) (defining deadly conduct to occur when one recklessly engages in conduct that places another in imminent danger of serious bodily injury or one knowingly discharges a firearm at or in the direction of one or more individuals or a vehicle and is reckless as to whether the vehicle is occupied).

Accordingly, the judgments are affirmed.


Per Curiam

Do not publish.

4