

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00230-CR

DANIEL IVAN RODRIGUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Castro County, Texas
Trial Court No. B3515-1312, Honorable Edward Lee Self, Presiding

April 29, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Daniel Ivan Rodriguez appeals his conviction of possession of a controlled substance (methamphetamine) in an amount of four grams or more but less than 200 grams. He was sentenced to five years in prison and a $5,000 fine. He argues on appeal that 1) the trial court erred in failing to grant his motion to suppress, and 2) the evidence was insufficient to sustain the verdict. We affirm the judgment.

*Background*

On December 24, 2012, at 12:12 a.m., a 911 call reported a fight in progress at the Dimmitt Motel. Officer Ramey Rice responded and observed the door to Room 106 open. Johnathan Jimenez, who had been in a fight with appellant, was in the room. The officer observed a bleeding wound in Jimenez' side. The information Rice received caused him to go to Room 101. He knocked on the door, and appellant, who was out of breath, answered. Rice stepped into the room and detained appellant by placing handcuffs on him. Appellant was placed in handcuffs because a knife was involved in the assault and the officer did not know where the weapon was, according to Rice. The latter also testified that 1) he informed appellant that he was not under arrest, 2) appellant was asked to explain "what happened," and 3) appellant was asked if any weapons were "involved in the fight." To the last question, appellant answered, "No. Go ahead, search, look anywhere."

The officer complied with appellant's comment to "go ahead" and search and to "look anywhere." While doing so, he saw a red object sticking out of the toilet and thought it may have been a knife with red tape around it. Apparently, he had encountered knives so wrapped in the past. Upon its retrieval, the officer discovered that it was a cigarette package and, upon opening it, that it contained methamphetamine.

According to appellant, Officer Rice was only accorded permission to search outside his motel room. Apparently, the trial court disbelieved appellant because it denied his motion to suppress.

2

*Motion to Suppress*

We review a ruling on a motion to suppress under the standard discussed in *Valtierra v. State*, 310 S.W.3d 442, 447-48 (Tex. Crim. App. 2010). In doing so, we give deference to the trial court's fact findings but review its application of the law to the facts *de novo*. *Id.*

Appellant argues that the officer had no warrant and no consent to enter his motel room and search it.[1] We overrule the issue.

That the officer lacked a warrant to enter the room is undisputed. However, he was responding to a call involving a fight, saw one of the participants of the fight bleeding from his side, learned that appellant was also involved in the fight, travelled to the room in which appellant was staying, and encountered appellant after knocking on the room door. That an officer may temporarily detain someone who he has reasonable suspicion to believe has been involved in criminal activity is beyond gainsay. *See Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002) (so stating). The officer being directed to investigate a fight, seeing one of the participants in the fight with a bleeding wound in his side, and discovering that the other participant was appellant are sufficient to create reasonable suspicion to believe appellant was involved in criminal activity. Thus, the officer was free to temporarily detain appellant for purposes of conducting a brief investigation.

---

[1]At the time the drugs were admitted into evidence, appellant stated "[n]o objection". If the record plainly demonstrates he did not intend to abandon his earlier preserved objection to the admission of the evidence and the trial court did not construe the statement as such, then we should not regard it as waived. *Thomas v. State*, 408 S.W.3d 877, 885 (Tex. Crim. App. 2013). If we can't tell from the record, then we should consider the issue waived. *Id.* at 886. The State concedes in its brief that the issue has not been waived. Therefore, we will assume for purposes of our opinion that it has not.

Next, an officer is free to knock on someone's door. *Rodriguez v. State*, 653 S.W.2d 305, 307 (Tex. Crim. App. 1983). Appellant opened the door in response to the officer's knock and did not contend, when testifying at the suppression hearing, that his decision to do so arose from fear or threat or like influence. Nor does anything memorialized during the suppression hearing indicate that the decision to open the door was in any way involuntary. *See id.* (stating that a citizen is not required to respond to a knock by opening the door).

That the officer placed appellant in handcuffs once the door was opened does not alone mean he was arrested. *State v. Sheppard*, 271 S.W.3d 281, 289 (Tex. Crim. App. 2008). Furthermore, knowing the purpose of the call, believing that a knife or similar weapon was used in the assault, and not knowing where the weapon was provided the officer reasonable basis to handcuff appellant while conducting his investigation. *See Bell v. State*, No. 08-13-00139-CR, 2015 Tex. App. LEXIS 892, at *9-10 (Tex. App.—El Paso January 30, 2015, no pet.) (not designated for publication) (holding that the officer "acted appropriately under the circumstances by detaining Appellant and placing him in handcuffs" since ". . . the call involved an assaultive offense with a weapon and the weapon had not been located, . . . [and that the investigating officer] reasonably feared that Appellant might be armed and presented a danger to the safety of the officers on the scene . . . .").

During the investigation, the officer did not solicit consent to search. Instead, appellant invited the officer to search.[2] Again, he was told to "look anywhere." That

---

[2]Although appellant denied giving consent to search, we defer to the trial court's determination of the credibility of the witnesses. *Shadden v. State*, 431 S.W.3d 623, 627-28 (Tex. App.—Amarillo 2014, pet. ref'd) (stating that the trial court is the sole trier of fact and judge of the credibility of the witnesses at a suppression hearing). So, it was free to disregard appellant's testimony and believe that of Officer Rice.

appellant was restrained when granting the officer such permission did not alone render it involuntary. *Strauss v. State,* 121 S.W.3d 486, 492 (Tex. App.—Amarillo 2003, pet. ref'd) (opinion on rehearing) (stating that "the mere restriction in one's liberty does not itself negate the validity of one's subsequent consent to search his person or vehicle.").

Finally, when we plug the foregoing indicia into the equation expressed in *Boyle v. State*, 820 S.W.2d 122 (Tex. Crim. App. 1989) and used to assess the voluntariness of one's consent to search, we cannot say that the trial court's decision to deny the motion to suppress was an abuse of discretion. *Boyle v.* State, 820 S.W.3d 122, 131-32 (Tex. Crim. App. 1989) (stating that whether consent was voluntary depends on the surrounding circumstances such as 1) the proximity of the consent to the arrest, 2) whether the seizure brought about police observation of the particular object which they sought consent to search, 3) whether the illegal seizure was "'flagrant police misconduct,'" 4) whether the consent was volunteered rather than requested by the detaining officers, 5) whether the arrestee was made fully aware of the fact that he could decline to consent and thus prevent an immediate search of the car or residence, and 6) whether the individual was detained simply to obtain consent). There was no flagrant police misconduct. Consent was volunteered by appellant, not solicited by the officers. Appellant was not detained simply to get permission to search. Observation of the object was not brought about by the seizure. Appellant was not under arrest. The consent was proffered during a legitimate detention. And, though nothing of record indicates that appellant was told he need not consent to a search, the officer did not solicit the authority to search.

*Sufficiency of the Evidence*

As for the issue involving the sufficiency of the evidence supporting appellant's conviction, appellant failed to present any argument in his brief to support the contention. An appellate brief must contain a clear and concise argument for the contentions made with appropriate citations to authorities. TEX. R. APP. P. 38.1(i). The failure to do so waives the complaint. *Delijevic v. State*, 323 S.W.3d 606, 609 (Tex. App.—Amarillo 2010, no pet.). Given the lack of argument, appellant waived the issue, and we overrule it.

The judgment is affirmed.

Brian Quinn
Chief Justice

Do not publish.