ACCEPTED
07-14-00388-CR
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
5/28/2015 12:02:27 PM
Vivian Long, Clerk

NO. 07-14-00388-CR

STATE REQUESTS
ORAL ARGUMENT
ONLY IF APPELLANT
REQUESTS ARGUMENT

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
5/28/2015 12:02:27 PM
VIVIAN LONG
CLERK

IN THE

COURT OF APPEALS

FOR THE

SEVENTH JUDICIAL DISTRICT OF TEXAS

AMARILLO, TEXAS

*********************************************************************

ERIC HERNANDEZ,

APPELLANT,

VS.

THE STATE OF TEXAS,

APPELLEE

*********************************************************************

ON APPEAL FROM THE 47TH DISTRICT COURT
CAUSE NO. 67,846-A
POTTER COUNTY, TEXAS
HONORABLE DAN SCHAAP, PRESIDING

*********************************************************************

STATE'S BRIEF

*********************************************************************

RANDALL SIMS, DISTRICT ATTORNEY

JOHN L. OWEN, SBN 15369200
ASSISTANT DISTRICT ATTORNEY
501 S. FILLMORE, SUITE 5A
AMARILLO, TEXAS  79101
(806) 379-2325
jackowen@co.potter.tx.us
ATTORNEYS FOR THE STATE

# TABLE OF CONTENTS

PAGE

TABLE OF CONTENTS…………………………………………………………i

LIST OF AUTHORITIES…………………………………………………....  ii

THE CASE IN BRIEF…………………………………………………….....1

STATEMENT OF THE CASE……………………………………………….2

STATE'S RESPONSIVE POINT ……………………………………………  3
    (ADDRESED TO APPELLANT'S SOLE "ISSUE PRESENTED")

Upon the evidence before it, the trial court had the discretion to deny appellant's suppression motion.

FACT STATEMENT  ………………………………………….  4

RESPONSIVE POINT  RESTATED…………………………….  7

CONCLUSION AND PRAYER……………………………………  13

CERTIFICATE OF SERVICE…………………………………….  14

CERTIFICATE OF COMPLIANCE……………………………………  14

# LIST OF AUTHORITIES

Page

Cases

**Delijevic v. State**,  323 S.W.3d 606, 608 (Tex.App. - - Amarillo 2010, no pet.)   12

**Garcia v. State**,  43  S.W.2d 527, 530 (Tex.Crim.App. 2001)  ..........................  11

**Hughes v. State**,  334 S.W.3d 379, 383 (Tex.App. - - Amarillo 2011, no pet.) 10, 12

**Montgomery v. State**,  810  S.W.2d. 391-92 (Tex.Crim.App. 1991  ..................  10

**State v. Dixon**  206  S.W.3d 587 590 (Tex.Crim.App.  2006)  ...........................  10

**State v. Patterson**,  291  S.W.3d 121, 123 (Tex.App. - - Amarillo 2009, no pet.)   11

**State v. Story**,  445  S.W.3d 729, 732 (Tex.Crim.App. 2014)   ..........................  10

**Romero v. State**, 800  S.W.2d 539, 543 (Tex.Crim.App. 1990)  ........................  10

**Valtierra v. State,** 310 S.W.3d 442, 447 (Tex.Crim.App. 2010)..........................10

**Whren v.United  States**,  517  U.S. 806, 810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996)  .................................................................................................  11


Statutes

Tex. Health & Safety  Code. Ann. Sec. 481.115 (d)(West  2010) ...........................2

NOS. 07-14-00388-CR

IN THE

COURT OF APPEALS

FOR THE

SEVENTH JUDICIAL DISTRICT OF TEXAS

AMARILLO, TEXAS
*********************************************************************
ERIC HERNANDEZ,
Appellant,

VS.
THE STATE OF TEXAS,
Appellee.
*********************************************************************
TO THE HONORABLE COURT OF APPEALS:

COMES NOW the State of Texas, appellee in the above entitled and numbered appeal, and submits its brief in response to the brief of appellant, Eric Hernandez. Appellant was convicted in the 47TH Judicial District Court of Potter County, Texas of possessing four or more, but less than two hundred, grams of a controlled substance, methamphetamine, enhanced by a previous felony conviction.

## THE CASE IN BRIEF

| | |
|---|---|
| THE CHARGE | POSS. C/S, >4 GM. <200 GM, ENH. |
| THE PLEA | GUILTY |
| VERDICT | GUILTY |
| PUNISHMENT (COURT ) | 18 YEARS TDCJ-ID |

1

## STATEMENT OF THE CASE

Appellant bring this appeal from his conviction of possessing four or more, but less than two hundred, grams of a controlled substance, methamphetamine. *See* Tex. Health & Safety Code Ann. Sec. 481.115 (d)(West 2010). He here complains of the trial court's methodology in evaluating the evidence at the suppression hearing.

The Potter County grand jury on April 30, 2014 indicted appellant for the offense, which was alleged to have occurred on or about September 22, 2013. *CR: 13.* Included in the indictment was a punishment-enhancing allegation appellant had previously been convicted of a felony. Aided by counsel, appellant filed a motion to suppress as evidence the contraband made the subject of the prosecution. *CR: 17.* Following an adverse ruling on his suppression motion, and pursuant to a bargained punishment recommendation, appellant on October 20, 2014 pled guilty to the indicted offense; appellant reserved his right to appeal the trial court's order denying his suppression motion. *CR: 73.* Accepting the plea bargain, the court found appellant guilty as alleged, assessed his punishment at eighteen (18) years imprisonment, and imposed sentence accordingly. *CR: 73.*

Appellant timely, on October 27, 2014, filed a notice of appeal. *CR: 68.*

2

## STATE'S RESPONSIVE POINT
## (ADDRESSED TO APPELLANT'S SOLE "ISSUE PRESENTED")

Upon the evidence before it, the trial court had the discretion to deny appellant's suppression motion.

# FACT STATEMENT

The methamphetamine which was the subject of the prosecution was seized in a traffic stop of appellant. Appellant filed a motion to suppress that evidence. *CR: 17*. Alleged in the motion were that the traffic stop was unreasonable and a pretext, and that the pat-down search of appellant was not warranted by reasonable suspicion he was armed. At the hearing on the motion, the arresting officer, appellant's girlfriend, and appellant himself testified.

Amarillo police officer Ricky Mathews testified that the night of September 22, 2013 he noticed a 1997 Chevrolet being driven in the 400 block of Prospect Street with the taillights not on. *RR: 11-12*. In his patrol car, Matthews followed the pickup two blocks, through three turns. *RR: 12, 13*. As Matthews followed, the pickup driver applied the brake to activate the brake lights; after the driver stopped braking, the taillights were on. *RR: 12*. Matthews then effected a traffic stop. *RR: 14*.

The driver, appellant, was the pickup's sole occupant. *RR: 15*. The registration sticker on the pickup windshield was altered to appear current, though the registration in fact had expired. Appellant could not immediately find his identification when Matthews asked for it. *RR: 16.* From the way appellant had positioned his leg, Matthews suspected appellant was concealing a weapon; those circumstances prompted Matthews to have appellant exit the pickup. *RR: 17*.

4

Matthews directed appellant to walk to the front of the patrol car. Appellant consented to Matthew's frisking of him for weapons *RR: 20*. In the pat-down, Matthews found a baggie of suspected methamphetamine. *RR: 20.*

The patrol car's in-car video recorded from a point thirty seconds before the overhead lights were engaged, Matthews testified. The video recording was played for the court; throughout the entire recording leading to the stop, the pickup's taillights were on. *RR: 14, 24, 27.* The pickup's headlights shone from when Matthews first observed the pickup. *CR: 12, 40.* When a driver turns on a vehicle's headlights, the taillights also come on, Matthews acknowledged. *RR: 29.* But, he noted, light will emit from the headlights of vehicles equipped with running lights whenever the engine is running, when the headlights have not been turned on; in that circumstance, the taillights will not be on. *CR: 26-27.* Matthews perceived that appellant rode the brake to give the appearance the tail lights were on, until he engaged the switch to turn on the headlights and taillights. *RR: 34-35.*

Appellant's girlfriend Jenna Ortiz ("Jenna") testified in support of the suppression motion. According to Jenna, appellant came to her residence in the pickup with Francisco Reyes, the pickup's owner. *RR: 43, 44.* When Francisco and appellant left in the pickup, with Francisco driving, the taillights were on.[1] *RR 46.*

---

[1] Specifically, "all necessary lights were on, "Jenna emphasized. *RR: 46, 47, 48.*

Testifying in his own behalf, appellant recounted the events of the evening in question. After leaving Jenna's house, he and Francisco went to "the slots[2i]" on Amarillo Boulevard, near the intersection of Western Street, appellant related. *RR: 55*. Francisco went inside the slots, leaving the pickup with appellant. *RR: 55*. Before leaving the area in the pickup, he did a "walk around" the pickup, as was his practice, to ensure the lights were functioning, appellant stated; the taillights were on. *RR: 55*. Appellant acknowledged he had consented to officer Matthews' searching his pocket. *RR: 58*. He asserted, though, that he was unaware he could withhold consent. *RR: 60*.

Insofar as the record reflects, no findings of fact and conclusions of law were requested or entered.

---

[2] What "the slots" is was not developed in the record; this writer presumes it is a gaming establishment.

**STATE'S RESPONSIVE POINT
(ADDRESSED TO APPELLANT'S SOLE "ISSUE
PRESENTED")(RESTATED)**

Upon the evidence before it, the trial court had the discretion to deny appellant's suppression motion.

### I.    *The Trial Judge's Remarks Underlying Appellant's Complaint Here*

At the close of evidence on the suppression motion, the court entertained the parties' argument. Relevant to appellant's grievance on appeal, the trial judge interjected as follows:

> *. . . But I think I have to take the officer's observations at face value*, absent evidence that this vehicle could not have done what the officer surmised it did because of what he observed. And his surmise in that regard is that the headlight switch was not engaged and that it had its front beams on because it was turned on and it was running with those as we have seen vehicles coming down the road in the middle of the day with their headlights on. We call them headlights because that's what we see. And those lights are automatic. No one has to, quote, unquote, turn them on. And so that's sort of where it boils down to me - - for me here is, is do we have evidence that what the officer is suggesting is not possible?

MR. TERRY [appellant's trial counsel]: Well - -

THE COURT:  I don't hear the evidence that says it's not possible. *I'm going to have to take what he says at face value.* And that means that I think he had a reasonable basis to make the stop and I think your client consented to the search.

The judge's expressions highlighted above are the core of appellant's appeal.

## II.    *Appellant's Complaint*

Appellant centers his appeal on the trial court's evaluation of the evidence relating to the reasonableness, or not, of the traffic stop itself. He does not contest the legality of the pat-down search yielding the contraband.

As the State understands appellant's argument, he is not contending that the trial court arrived at the wrong conclusion about the traffic stop's reasonableness. Rather, he condemns as flawed the process by which the court made its ruling. *Brief for the Appellant*, p. 21. Specifically, appellant sees the court as having disregarded its obligation to evaluate all witnesses' credibility, instead accepting the officer's testimony "at face value." Had the court required the State to prove the reasonableness of the traffic stop, instead of in effect requiring him to disprove

8

reasonableness, the court conceivably would have granted the suppression motion, appellant proposes. *Brief for the Appellant,* p. 21.

Appellant acknowledges the plausibility of officer Matthew's suspicion appellant was riding the pickup's brake, as he turned on the lights to conceal the traffic infraction. *Brief for the Appellant*, p. 22. But, Matthews' delay in stopping appellant after following him undermines that officer's credibility, appellant urges. *Brief for the Appellant*, p. 23. Appellant faults the court for allegedly not giving due consideration to the evidence countervailing against Matthews' testimony. He asks that the conviction be vacated and a new trial ordered. *Brief for the Appellant*, p. 24.

### III.    Summary of the State's Response

Appellant takes the judge's isolated comments out of context. Seen from the record as a whole is that the court chose to believe officer Matthews' testimony and discount the contrary evidence; that was the court's prerogative.

## IV.    *Argument and Authority*

### A. *Standard of Review*

An appellate court should review a trial court's ruling on a motion to suppress for an abuse of discretion. **State v. Story**, 445 S.W.3d 729, 732 (Tex.Crim.App. 2014); **State v. Dixon,** 206 S.W.3d 587, 590  (Tex.Crim.App. 2006). The record should be viewed in the light most favorable to the trial court's determination, and the judgment should be reversed only if it is arbitrary, unreasonable, or 'outside the zone of reasonable disagreement.' **Story**, 445 S.W.3d at 732, *citing* **Montgomery v. State**, 810 S.W.2d 372, 391-92 (Tex.Crim.App. 1991). The reviewing court should uphold the judgment if it is correct on some theory of law applicable to the case, even if the trial judge made the judgment for a wrong reason. **Story**, 445 S.W.3d at 732, *citing* **Romero v. State**, 800 S.W.2d 539, 543 (Tex.Crim.App. 1990).  The trial judge is the sole trier of fact and judge of the credibility of any witnesses' testimony and the weight to be assigned to that testimony. **Hughes v. State**, 334 S.W.3d 379, 383 (Tex.App. - - Amarillo 2011, no pet.) *citing* **Valtierra v. State**, 310 S.W.3d 442, 447 (Tex.Crim.App. 2010). Because the trial court is the sole trier of fact, the appellate court should give almost total deference to the trial court's determination of historical facts. **Story**, 445 S.W.3d at 732, *citing* **State v. Dixon**, *supra*, 206 S.W.3d at 590. The trial court's application of the law to those facts is reviewed *de novo*.

*B. The Trial Court Did Not Abuse its Discretion
in Denying the Suppression Motion*

A traffic violation  can constitute a reasonable basis for a detention. **State v. Patterson**, 291 S.W.3d 121, 123 (Tex.App. - - Amarillo 2009, no pet.), *citing* **Whren v. United States**, 517 U.S. 806, 810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996). Further, reasonable suspicion for the stop does not require absolute certainty an offense was committed. **Garcia v. State**, 43 S.W.3d 527, 530 (Tex.Crim.App. 2001).

In  his colloquy with appellant's trial counsel as counsel was concluding his argument on the stop's legality, the  judge revealed his thoughts on the proper evaluation of the evidence. Appellant portrays the remarks highlighted above as signifying the judge's belief he was constrained to believe the officer's testimony. Appellant's interpretation is not well-taken.

In total context, the judge's commentary is properly seen as an explanation of how he was weighing the witnesses' credibility. In the State's view, the judge's explanatory remarks can be paraphrased as follows:

- officer Matthews was unwavering in his testimony the pickup's taillights were not on when appellant passed by his position;

- unknown was whether the 1997 Chevrolet pickup was equipped with running headlights which would shine even when the taillights were not on - - therefore, any inference the taillights necessarily were on because the headlights were on would be speculative; and,

- officer Matthews was more credible as a witness on that issue than was appellant or Jenna.

*RR: 67-69.*

By his remarks, the judge communicated only that he chose to believe officer Matthews' description of the traffic infraction made the basis of the stop. Such was authorized under the evidence here, and was not an abuse of discretion. *See and compare* **Hughes v. State**, *supra*, 334 S.W.3d at 384 (at suppression hearing, officer testified that the accused while driving made a wide turn, but the accused testified he did not make a wide turn; in upholding the trial court's denial of suppression, the appellate court would not second guess the trial court about a matter turning on witness credibility); and, **Delijevic v. State**, 323 S.W.3d 606, 608 (Tex.App. - - Amarillo 2010, no pet.)(reasonable minds could have concluded that driver committed traffic violations in the officer's presence; denial of the suppression motion was upheld).

By his "Issue Presented," appellant advances no persuasive reason to disturb the judgment of conviction. The Court should decide the issue in favor of the trial court's judgment.

## CONCLUSION AND PRAYER

WHEREFORE, the State prays that the judgment and sentence be affirmed.

Respectfully submitted,

RANDALL SIMS
District Attorney
Potter County, Texas


__/s/ John L. Owen___

John L. Owen
Assistant District Attorney
Potter County Courts Bldg.
Suite 5A
501 S. Fillmore
Amarillo, Texas 79101
(806) 379-2325
FAX (806) 379-2823
SBN 15369200
jackowen@co.potter.tx.us

Attorneys for the State

## CERTIFICATE OF SERVICE

I hereby certify that on this 2th  day of May, 2015, a true copy of the foregoing State's brief was served on appellant's attorney, John Bennett, at P.O. Box 19144, Amarillo, Texas 79114, by email and  by depositing the same in the United States Mail, postage prepaid.

__/s/ John L. Owen_____
Assistant District Attorney

## CERTIFICATE OF COMPLIANCE

In accordance with Tex.R.App.P. 9.4 (i)(3), I hereby certify that the foregoing brief contains, as reflected in the computer program word count,  2,611 words. That count includes words in portions of the brief which, under the Rule, are excluded from the prescribed word limit.

__/s/ John L. Owen___
Assistant District Attorney
